PEOPLE v GADOMSKI

Docket Nos. 197049, 197050. Submitted September 1, 1998, at Detroit. Decided October 2, 1998, at 9:15 A.M. Leave to appeal denied, 459 Mich ___.

Lawrence E. Gadomski was convicted of first-degree criminal sexual conduct and Anthony Gadomski was convicted of two counts of first-degree criminal sexual conduct and of felonious assault following a joint trial before a single jury in the St. Clair Circuit Court, Peter E. Deegan, J. The defendants appealed, and their appeals were consolidated.

The Court of Appeals *held*:

1. The trial court did not abuse its discretion in denying Lawrence Gadomski's motion for a new trial on the asserted ground that the verdict was against the great weight of the evidence in light of the victim's "wildly inconsistent" trial testimony. At the time of the motion, the law provided that, with respect to a motion for a new trial based on the verdict being against the great weight of the evidence, the trial court could act as a "thirteenth juror" and independently evaluate the credibility of trial witnesses. Under current law, a trial court may grant a motion for a new trial based on the verdict being against the great weight of the evidence only if the evidence preponderates heavily against the verdict so that it would be a miscarriage of justice to allow the verdict to stand. Under either test, the Court of Appeals may not attempt to resolve witness credibility questions anew. Accordingly, in this case, the Court of Appeals cannot overturn the trial court's determination regarding witness credibility.

2. The defendants were not denied their right to a unanimous jury verdict as a result of the trial court's instruction to the jury that, in order to find the defendants guilty of first-degree criminal sexual conduct, the jurors had to find that each act of sexual penetration was accompanied by one of three alternative aggravating circumstances. Where, as here, a defendant is charged with first-degree criminal sexual conduct and more than one aggravating circumstance is supported by the facts, the jury need not decide unanimously which aggravating circumstance serves as the basis for

conviction. Accordingly, in this case, the trial court did not err in not instructing the jury to reach unanimity with respect to the aggravating circumstance for each conviction of first-degree criminal sexual conduct.

3. Because the defendants were not entitled to jury instructions relative to unanimity with respect to the aggravating circumstances for the charges of first-degree criminal sexual conduct, they were not denied the effective assistance of counsel when trial counsel failed to request such an instruction.

4. The trial court did not abuse its discretion in allowing the late endorsement of a res gestae witness. The addition of this witness, two days into the trial, did not prejudice the defendants, who knew from the defendants' preliminary examination testimony and the prosecutor's opening statement at trial that the prosecution might attempt to establish that a third person, i.e., the witness, was with the defendants when they committed their offenses. The identity and involvement of the witness was not discovered until the trial started. The prosecution's duty under the res gestae witness statute, MCL 767.40a; MSA 28.980(1), is to provide notice of known witnesses and reasonable assistance to locate witnesses on request by a defendant. Here, the witness was unknown until trial started, and the defendants did not request the prosecution's assistance in locating the witness.

Affirmed.

1. CRIMINAL LAW — NEW TRIAL — WITNESS CREDIBILITY — APPEAL.

The Court of Appeals, when reviewing a trial court's ruling on a motion for a new trial on the asserted ground that the verdict was against the great weight of the evidence, may not attempt to resolve anew questions involving the credibility of trial witnesses.

2. RAPE — FIRST-DEGREE CRIMINAL SEXUAL CONDUCT — AGGRAVATING CIRCUMSTANCES — JURY UNANIMITY.

The jury in a first-degree criminal sexual conduct trial need not decide unanimously which of several aggravating circumstances supported by the facts serves as the basis for conviction of the defendant (MCL 750.520b; MSA 28.788[2]).

3. CRIMINAL LAW — WITNESSES — LATE ENDORSEMENT — APPEAL.

A trial court's decision to allow the late endorsement of a witness is reviewed for abuse of discretion; an abuse of discretion exists when the trial court's decision is so grossly violative of fact and logic that it evidences perversity of will, defiance of judgment, and the exercise of passion or bias, or when an unprejudiced person,

considering the facts on which the trial court acted, would say there was no justification or excuse for the ruling.

4. CRIMINAL LAW — RES GESTAE WITNESSES — PROSECUTION'S OBLIGATIONS.

The res gestae witness statute requires the prosecution to notify defendants of the existence of known res gestae witnesses and to provide defendants with assistance in locating such witnesses; the statute does not require the prosecution to exercise due diligence to discover the names of witnesses (MCL 767.40a; MSA 28.980[1]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Elwood L. Brown*, Prosecuting Attorney, and *Timothy K. Morris*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Debra A. Gutierrez*), for Lawrence E. Gadomski.

*Douglas R. Mullkoff*, for Anthony Gadomski.

Before: TALBOT, P.J., and FITZGERALD and YOUNG, JR., JJ.

TALBOT, P.J. Defendants Lawrence Earl Gadomski and Anthony Gadomski were tried in a joint trial before a single jury. Defendant Lawrence Gadomski was convicted of one count of first-degree criminal sexual conduct (CSC I), MCL 750.520b; MSA 28.788(2), and found not guilty of three counts of CSC I and one count of first-degree home invasion, MCL 750.110a; MSA 28.305(a). He was sentenced as an habitual offender, fourth offense, MCL 769.12; MSA 28.1084, to twenty to sixty years' imprisonment for his CSC I conviction. Defendant Anthony Gadomski was convicted of two counts of CSC I and one count of felonious assault, MCL 750.82; MSA 28.277, and found not guilty of three counts of CSC I and one count of first-degree home invasion. He was sentenced as an habit-

ual offender, second offense, MCL 769.10; MSA 28.1082, to concurrent terms of twenty-five to sixty years' imprisonment for each of his CSC I convictions and two to six years' imprisonment for his felonious assault conviction. Defendants appeal as of right. Their appeals were consolidated on this Court's motion. We affirm.

At trial, the victim testified that late on the evening of December 14, 1995, defendant Anthony Gadomski, an acquaintance of hers, entered her house uninvited through the bathroom window and proceeded to let his brother, defendant Lawrence Gadomski, and an unidentified third person in through the back door. After defendant Anthony Gadomski informed the victim that her incarcerated boyfriend owed him $10,000, he and his brother spent the remainder of the night forcing her to engage in various sexual acts and helping themselves to her food and drink. Once during the night, defendant Anthony Gadomski threatened the victim by holding a kitchen knife to her neck. Defendants left the victim's house on the following morning, taking some of her property with them. Defendant Anthony Gadomski testified that he was invited into the victim's house and that he and the victim engaged in consensual sex. Defendant Lawrence Gadomski did not testify.

DOCKET NO. 197049

Defendant Lawrence Gadomski[1] first argues that the trial court erred in denying his motion for a new

---

[1] In this section, use of "defendant," in the singular, will hereafter refer only to Lawrence Earl Gadomski. Use of "defendants" will refer to both Anthony Gadomski and Lawrence Earl Gadomski.

trial brought on the ground that the jury's verdict was against the great weight of the evidence. We disagree. A trial court's decision on a motion for a new trial is reviewed for an abuse of discretion. *People v Torres (On Remand)*, 222 Mich App 411, 415; 564 NW2d 149 (1997).

Specifically, defendant contends that the trial court abused its discretion in denying his motion in the face of the victim's "wildly inconsistent" trial testimony. At the time of defendant's motion, the law provided that, in a motion for a new trial based on the great weight of the evidence, the trial court could act as a "thirteenth juror" and independently evaluate the credibility of the trial witnesses. See *People v Herbert*, 444 Mich 466, 476; 511 NW2d 654 (1993). The Michigan Supreme Court has subsequently rejected the "thirteenth juror" standard and explained that a trial court may grant a motion for a new trial based on the great weight of the evidence only if the evidence preponderates heavily against the verdict so that it would be a miscarriage of justice to allow the verdict to stand. *People v Lemmon*, 456 Mich 625, 627; 576 NW2d 129 (1998). However, neither the former nor the current understanding of the law with respect to such motions provides that this Court may make a credibility determination on appeal. To the contrary, it is well settled that this Court may not attempt to resolve credibility questions anew. See, e.g., *People v Daoust*, 228 Mich App 1, 17; 577 NW2d 179 (1998); *People v McFall*, 224 Mich App 403, 412; 569 NW2d 828 (1997). Accordingly, we cannot say that the trial court abused its discretion in denying defendant's motion for a new trial.

Next, defendant argues that he was denied his right to a unanimous jury verdict as a result of the trial court's instructions to the jury regarding the elements of CSC I. We disagree.

A trial court is required to instruct the jury concerning the law applicable to the case and to fully and fairly present the case to the jury in an understandable manner. MCL 768.29; MSA 28.1052; *People v Mills*, 450 Mich 61, 80; 537 NW2d 909 (1995), modified 450 Mich 1212 (1995). In this case, the trial court instructed the jury that in order to find defendant guilty, it was required to find that defendant engaged in the specific act of sexual penetration alleged by the prosecution and that this act was accompanied by one of three alternative aggravating circumstances. The aggravating circumstances made available for the jury's consideration included (1) that the act occurred during the commission of a home invasion, see MCL 750.520b(1)(c); MSA 28.788(2)(1)(c), (2) that it involved aiding and abetting and force or coercion, see MCL 750.520b (1) (d) (ii); MSA 28.788 (2) (1) (d)(ii), and (3) that it caused personal injury to the victim and involved force or coercion, see MCL 750.520b(1)(f); MSA 28.788 (2) (1) (f). The trial court also instructed the jurors, in general terms, that it was their job to decide the facts of the case and that their verdict must be unanimous.

Defendant contends that the trial court should have instructed the jury that it was required to unanimously agree on the existence of at least one of the three aggravating circumstances alleged by the prosecution. He maintains that, because no special unanimity instruction was given, the jury might have unani-

mously agreed on the general existence of an aggravating circumstance without unanimously agreeing on the existence of any one of the aggravating circumstances in particular. Defendant failed to raise the issue at trial by requesting such an instruction or by objecting to the trial court's instructions on that basis. Accordingly, our review is limited to the question whether relief is necessary to avoid manifest injustice. See *People v Van Dorsten*, 441 Mich 540, 544-545; 494 NW2d 737 (1993); *People v Yarger*, 193 Mich App 532, 536-537; 485 NW2d 119 (1992).

Criminal defendants are guaranteed a unanimous jury verdict under the state constitution. See Const 1963, art 1, § 14; *People v Cooks*, 446 Mich 503, 510-511; 521 NW2d 275 (1994). Consequently, trial courts are required to give proper instructions regarding the unanimity requirement. *Id.* at 511. In some circumstances, a general unanimity instruction such as the one given in this case is not adequate to ensure a defendant's right to a unanimous jury verdict. For instance, the Michigan Supreme Court has held that when the prosecution offers evidence of multiple acts by a defendant, each of which would satisfy the actus reus element of a single charged offense, the trial court is required to instruct the jury that it must unanimously agree on the same specific act if the acts are materially distinct or if there is reason to believe the jurors may be confused or disagree about the factual basis of the defendant's guilt. *Id.* at 530. Relying on this holding, defendant suggests that he was entitled to a special unanimity instruction in this case because the separate aggravating circumstances on which the jury was instructed involved alternative

factual situations (i.e., a home invasion, aiding and abetting, or a personal injury). We are not persuaded by defendant's argument.

Michigan criminal juries are not required to unanimously agree upon every fact supporting a guilty verdict. See, e.g., *People v Espinosa*, 142 Mich App 99, 105; 369 NW2d 265 (1985) (explaining that, in theory, a defendant could be convicted of murder by a jury in which six members were of the opinion that the defendant shot the victim acting as the principal, and the other six members were of the opinion that he aided and abetted another). More specifically, it is well settled that when a statute lists alternative means of committing an offense, which means in and of themselves do not constitute separate and distinct offenses, jury unanimity is not required with regard to the alternate theories. See *People v William Johnson*, 187 Mich App 621, 629-630; 468 NW2d 307 (1991), cited with apparent approval in *Cooks, supra* at 515, n 16; see also *People v Lynn*, 223 Mich App 364, 366-367; 566 NW2d 45 (1997); *People v Asevedo*, 217 Mich App 393; 551 NW2d 478 (1996); cf. *Yarger, supra* at 537. That was the case here. Where there is a single sexual penetration, the various aggravating circumstances listed in MCL 750.520b; MSA 28.788(2) constitute alternative means of proving a single CSC I offense and would not support convictions of separate and distinct CSC I offenses. See *People v Willie Johnson*, 406 Mich 320, 330-331; 279 NW2d 534 (1979). Accordingly, defendant would have been properly convicted of CSC I even if some of the jurors believed that he committed the offense solely on the basis of one aggravating circumstance, while the rest

of the jurors believed that he committed the offense solely on the basis of another one of the aggravating circumstances.

In sum, we hold that when a defendant is tried on a charge of CSC I, and more than one aggravating circumstance is supported by the facts, it is not error for the trial court to instruct the jury, in the alternative, regarding each of the applicable aggravating circumstances alleged by the prosecution.[2] In this case, because the trial court's instructions were legally correct, manifest injustice will not result from our failure to grant the relief requested.

Defendant next argues that he was denied the effective assistance of counsel when his trial counsel failed to request a special unanimity instruction. We disagree. Because defendant was not entitled to such an instruction, defense counsel's failure to request the instruction did not constitute ineffective assistance of counsel. See *Torres, supra* at 425.

Finally, defendant argues that the trial court erred in allowing the prosecution's late endorsement of Dale Smith, a res gestae witness.[3] We disagree. A trial

---

[2] The standard jury instruction for CSC I advises trial courts to follow the instruction for sexual penetration with an instruction for "one" of the nine alternative aggravating circumstances. See CJI2d 20.1(3). The implication is that trial courts should not instruct juries, in the alternative, regarding multiple aggravating circumstances. However, we note that the Michigan Criminal Jury Instructions do not have the official sanction of the Michigan Supreme Court. "Their use is not required, and trial judges are encouraged to examine them carefully before using them, in order to ensure their accuracy and appropriateness to the case at hand." *People v Petrella*, 424 Mich 221, 277; 380 NW2d 11 (1985). The record suggests that the trial court did so in this case.

[3] "A res gestae witness is a person who witnesses some event in the continuum of a criminal transaction and whose testimony will aid in

court's decision to allow a late endorsement of a witness is reviewed for an abuse of discretion. *People v Canter*, 197 Mich App 550, 563; 496 NW2d 336 (1992). An abuse of discretion exists when the court's decision is so grossly violative of fact and logic that it evidences perversity of will, defiance of judgment, and the exercise of passion or bias. Stated differently, an abuse of discretion exists when an unprejudiced person, considering the facts on which the trial court acted, would say there was no justification or excuse for the ruling. E.g., *People v Ullah*, 216 Mich App 669, 673; 550 NW2d 568 (1996).

During defendant's preliminary examination, the victim testified that a third person came to her house with defendants on the night of the crime. The victim could not identify this person. At trial, the prosecutor informed the jury during her opening statement that the victim would testify that, on the night of the crime, defendants came to her house with another person. She did not suggest that the name of the unidentified third person was known by anybody. Defendant's counsel then predicted in his opening statement that, contrary to the victim's story, the evidence would show that defendants were not accompanied by a third person.

Two days later, before the second day of trial, the prosecution moved to amend its witness list to add the "third person," Dale Smith. The prosecutor explained that, although the police initially suspected that Smith may have been the third person present on

---

developing a full disclosure of the facts." *People v O'Quinn*, 185 Mich App 40, 44; 460 NW2d 264 (1990).

the night of the crime, his presence could not be confirmed during their investigation. The victim did not have enough contact with the third person to make an identification, and no fingerprints consistent with Smith's were found at the scene. Consequently, Smith was discounted, and the police "gave up" in their efforts to locate and question him. Police efforts to discover the identity of the third person were renewed in response to defense counsel's opening statement. This led to Smith's discovery in Florida. After Smith admitted that he was the third person involved in the incident, he was persuaded to come to Michigan to testify for the prosecution. Defense counsel argued that it was his belief that the prosecution had known all along that Smith had some involvement in the case, but that it had decided not to pursue the matter. Upon consideration of the parties' arguments, the trial court explained that it would allow the late addition of Smith's name to the witness list because his "identity and involvement" did not "come to light until into the trial itself."

On appeal, defendant contends that he was prejudiced by the late endorsement, because trial counsel, relying on the pretrial witness list, incorrectly predicted that the evidence would not support the prosecution's (and the victim's) assertion that an unidentified third person was present with defendants on the night of the crime. After Smith testified about his presence at the victim's house on the night of the incident,[4] Anthony Gadomski agreed, in his testimony,

---

[4] Smith, who because of a stroke was blind in one eye and partially blind in the other and suffered from long- and short-term memory

that Smith was there. The prosecutor then emphasized this point by reminding the jury during her rebuttal argument that, contrary to defendants' initial assertions, "the People were able to bring forward that third person." Although this course of events undoubtedly hurt defendant's case in the eyes of the jury, we do not believe that his defense was unfairly prejudiced to such a degree that the trial court's decision to allow Smith to testify amounted to an abuse of discretion.

The res gestae witness statute provides as follows:

(1) The prosecuting attorney shall attach to the filed information a list of all witnesses known to the prosecuting attorney who might be called at trial and all res gestae witnesses known to the prosecuting attorney or investigating law enforcement officers.

(2) The prosecuting attorney shall be under a continuing duty to disclose the names of any further res gestae witnesses as they become known.

(3) Not less than 30 days before the trial, the prosecuting attorney shall send to the defendant or his or her attorney a list of the witnesses the prosecuting attorney intends to produce at trial.

(4) The prosecuting attorney may add or delete from the list of witnesses he or she intends to call at trial at any time upon leave of the court and for good cause shown or by stipulation of the parties.

(5) The prosecuting attorney or investigative law enforcement agency shall provide to the defendant, or defense counsel, upon request, reasonable assistance, including

---

problems, testified that he was in the victim's house on the night of the incident, but that he never actually saw the victim or any sexual activity. For part of the night he was asleep. However, he recalled that, at one point, Anthony Gadomski threatened him with a knife and told him not to leave the house.

investigative assistance, as may be necessary to locate and serve process upon a witness. The request for assistance shall be made in writing by defendant or defense counsel not less than 10 days before the trial of the case or at such other time as the court directs. If the prosecuting attorney objects to a request by the defendant on the grounds that it is unreasonable, the prosecuting attorney shall file a pretrial motion before the court to hold a hearing to determine the reasonableness of the request.

(6) Any party may within the discretion of the court impeach or cross-examine any witnesses as though the witness had been called by another party. [MCL 767.40a; MSA 28.980(1).]

The prosecution's duty under the statute is to provide notice of known witnesses and reasonable assistance to locate witnesses on a defendant's request. *People v Burwick*, 450 Mich 281, 289; 537 NW2d 813 (1995). There is no requirement to exercise due diligence to discover the names of witnesses. *Id.* at 293. "[T]he purpose of the 'listing' requirement is merely to notify the defendant of the witness' existence and res gestae status." *People v Calhoun*, 178 Mich App 517, 523; 444 NW2d 232 (1989).

In this case, given the victim's preliminary examination testimony, defendant could not have been surprised that the prosecution would offer some evidence of a third person's involvement. Because defendant knew that an unnamed third person was alleged to have been involved, he could have requested assistance in identifying and locating him before trial. See MCL 767.40a(5); MSA 28.980(1)(5). Instead, in an apparent gamble that the prosecution's case would be weakened by a failure to prove the existence of the alleged third person, defendant chose

not to avail himself of the prosecution's assistance. With no request from the defense to provide reasonable assistance, and no evidence suggesting that the unidentified third person was Smith, the prosecution was under no duty to continue pursuing that avenue. See *Burwick, supra* at 289, 293. Moreover, without knowledge of Smith's status as a res gestae witness, the prosecution was under no duty to include Smith's name on the pretrial witness list. *Id.* Finally, the necessary explanation, or "good cause," for Smith's late addition to the witness list was provided by the fact of his late discovery as a res gestae witness. Accordingly, defendant is not entitled to relief with regard to this issue.

### DOCKET NO. 197050

The issues raised on appeal by defendant Anthony Gadomski are identical to issues raised by defendant Lawrence Earl Gadomski.[5] Accordingly, for the reasons stated above, defendant Anthony Gadomski is not entitled to relief.

Affirmed.

---

[5] Defendant Anthony Gadomski challenges the absence of a special unanimity instruction with respect to the CSC I counts and the late endorsement of Dale Smith, but does not contend that the jury's verdict was against the great weight of the evidence.