TAYLOR C.J.
(concurring). I concur in the result of Justice Kelly’s opinion and with her analysis in all but part VI(B). I write separately to explain my own reasons for reaching the conclusion that defendant’s conviction *466 for “distributing or promoting” child sexually abusive material was properly reversed by the Court of Appeals. I agree with Justice KELLY regarding the intent required to establish a violation of this statute. In addition, I believe such an intent is required because without it, otherwise innocent conduct could be criminalized. As a general rule there can be no crime without a criminal intent.[1] People v Roby, 52 Mich 577, 579; 18 NW 365 (1884) (COOLEY, C.J.). The United States Supreme Court has spoken extensively on this, holding that when a criminal statute is totally silent about state of mind (as is often the case), courts nonetheless assume that Congress intended to require some kind of guilty knowledge with respect to certain elements of the crime. See Liparota v United States, 471 US 419, 426; 105 S Ct 2084; 85 L Ed 2d 434 (1985) (courts should not read criminal statutes as requiring no mens rea); Morissette v United States, 342 US 246, 255-256, 263; 72 S Ct 240; 96 L Ed 288 (1952).
Under Justice CORRIGAN’S interpretation, the only element requiring criminal intent is that the material is child pornography, because this is the element that criminalizes otherwise innocent conduct. However, a person may be aware of the existence of such material without taking the criminal step of distributing it or promoting it. Such a person would be engaging only in innocent conduct until the element of distributing or promoting is met. What Justice CORRIGAN seems to be arguing here is that defendant possessed the material, and then went one step further and handed the computer to Comcast employees, and thus he had not engaged in only innocent conduct before distributing. However, possession is not an element of distributing or *467 promoting, and we must look at the elements of the charged crime, not the facts of the case before us, in determining the required intent. The Court of Appeals correctly applied this law in its analysis, finding that defendant did not “distribute” the material when he returned the computer to Comcast because he did not “intend[] for anyone to see or receive child sexually abusive material.” 260 Mich App 201, 217; 679 NW2d 77 (2003).
Thus, I agree with Justice-Kelly’s conclusion that there was insufficient evidence to prove defendant had this intent when he returned the computer to Comcast. Ante at 461. I also agree with her analysis and conclusion that there was insufficient evidence supporting the prosecutor’s second theory, i.e., that defendant promoted child sexually abusive material by merely acquiring or possessing it. Justice KELLY properly concludes that acquisition or possession of the material is not legally equivalent to promoting it for the purposes of MCL 750.145c(3). Ante at 465.
Finally, while I agree with her conclusion that defendant’s conviction for distributing or promoting child sexually abusive material is not supported by the prosecutor’s third theory — that defendant committed the crime by uploading or sharing child sexually abusive material through the Internet — I do not find her analysis of this issue persuasive. Although the jury found defendant not guilty of using a computer or the Internet to distribute or promote child sexually abusive material, the elements of the more general distribution crime are also satisfied by defendant’s alleged acts of sharing the material, and this is sufficient to convict. When a defendant is convicted under a multicount indictment, we must consider whether the elements of each charge have been met. People v Vaughn, *468 409 Mich 463, 465; 295 NW2d 354 (1980). Each count is regarded as if it were a separate indictment, and jury verdicts rendered on the several counts need not be consistent. Id.
In contrast to Justice KELLY’s analysis, I believe the evidence supporting this theory is sufficient (but barely) when the evidence presented at trial, and the reasonable inferences taken from it, is viewed in the light most favorable to the prosecution.[2] See People v Tanner, 469 Mich 437, 444 n 6; 671 NW2d 728 (2003).
However, the fact is that the prosecutor presented to the jury distinct factual situations, each of which could have been seen by individual jurors as satisfying the actus reus of the single charge.[3] This is permissible, but only if the jurors are instructed that they all must unanimously agree that defendant committed at least one of the criminal acts. That unanimity requirement, not having been presented to the jury, is fatal to this conviction. The Michigan Constitution requires the jury’s verdict to be unanimous to comply with minimal due process. Const 1963, art 1, § 14; see People v Cooks, 446 Mich 503, 510-511; 521 NW2d 275 (1994); Schad v Arizona, 501 US 624, 649-652; 111 S Ct 2491; 115 L Ed 2d 555 (1991) (Scalia, J, concurring). Unanimity is not a difficulty if there is a single charged criminal act that could have been committed in various ways. In such a case, jurors need not agree on the mode of commission. Thus, submitting a charge of murder in which the de *469 fendant either killed with premeditation or committed the murder during the course of a felony does not violate due process because the jury still determines what crime was committed as a result of the single, unlawful act. Likewise, “when a statute lists alternative means of committing an offense, which means in and of themselves do not constitute separate and distinct offenses, jury unanimity is not required with regard to the alternate theories.” People v Gadomski, 232 Mich App 24, 31; 592 NW2d 75 (1998). For example, in Gadomski, an instruction on unanimity was not necessary when the jury was required to find that the defendant engaged in a specific act of sexual penetration alleged by the prosecution and that this act was accompanied by one of three alternative aggravating circumstances: (1) that the act occurred during the commission of a home invasion, see MCL 750.520b(l)(c); (2) that it involved aiding and abetting and force or coercion, see MCL 750.520b(l)(d)(ii); or (3) that it caused personal injury to the victim and involved force or coercion, MCL 750.520b(l)(f). Id. at 29-31. But if discrete, specific acts were committed, each of which is claimed to satisfy all the elements of the charged crime, the trial court is required to instruct the jury that it must unanimously agree on the same specific act. Cooks, supra at 530.
Here, at least two of the alleged criminal acts required materially different evidence. The act of returning the computer to Comcast involved a separate and different set of facts from those concerning defendant’s alleged involvement in facilitating the exchange of Internet child pornography. To have a valid conviction, the jurors had to be instructed that they all had to agree on the incident in which all elements of the crime had been established. This was not done, and this deprived *470 defendant of due process.[4] Schad, supra at 650. Complicating this, however, is the fact that the error was unpreserved because defendant did not request such an instruction and did not object to the instructions as given.
MCL 768.29 provides that “[t]he failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such an instruction is requested by the accused,” but this statute can only control if enforcing it would not run afoul of the Constitution. In an effort to make such incompatibilities of statutes and the Constitution as infrequent as possible, a canon of construction has developed that constrains us to construe the statute at issue, if possible, in a manner that does not conflict with the Constitution. People v Bricker, 389 Mich 524, 528; 208 NW2d 172 (1973). People v Carines, 460 Mich 750, 763-765; 597 NW2d 130 (1999), has outlined our approach to these cases and holds that with unpreserved, constitutional error, such as we have here, the defendant, to secure a reversal, must show that three requirements are met: “1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights.” Id. at 763.
*471 The error here meets all these elements. The jury could have convicted, and most likely did convict, defendant on the basis of his act of turning in the computer. Alternatively, it could have convicted on the theory the prosecutor presented that acquiring and possessing the material equates with “promotion.” Finally, it could have convicted him on the basis of a single piece of testimony from which one may infer that defendant distributed the material by uploading it and sending it to others through the Internet. While two of these three theories were impermissible as a matter of law (having no proof of criminal intent) and the third was permissible, as I have discussed, there is simply no showing, nor can there be, that the jurors all agreed on the same incident as the one in which all elements of the crime were shown. This is a violation of the unanimity requirement. Moreover, it is impossible to say that, had the jury been properly instructed, the outcome would be the same. This constitutes plain error that affected defendant’s substantial rights and the conviction must be reversed.
For the reasons I have stated, I agree with Justice Kelly’s result of affirming the Court of Appeals reversal of defendant’s conviction for distributing or promoting child sexually abusive material and I agree with her analysis in all but part VI(B).

 Strict liability crimes present a very limited exception to this rule, but I do not believe this crime is in that category.

 At trial, Mr. David Joseph, the children’s protective services worker, testified that defendant admitted “sharing” child pornography through the Internet. When pressed as to what defendant meant by “sharing,” Mr. Joseph first admitted he was not an expert, then stated that his “impression” was that defendant was part of a club. He did not testify that defendant “stated” he was part of a club.

 That is, although defendant was charged only once, the alleged acts could have resulted in three separate charges.

 The lead opinion in responding to this position misunderstands it. My position is that all the jurors must agree on the same incident that establishes the crime. You cannot, to use this case as the example, have some jurors using the facts of one incident (the return of the computer) and others using another incident (the alleged distribution of pornography over the Internet) to establish a crime of distribution. To prevent this, an instruction telling the jurors that they must agree on not only the bottom line but also on which incident establishes the crime was necessary. This was not done here and thus error requiring reversal occurred. My argument is not predicated on the consistency of the several verdicts themselves. Indeed, the verdicts could be consistent and the unanimity requirement still be violated. Nothing in the lead opinion responds to this simple point.