PEOPLE v ASEVEDO

Docket No. 146647. Submitted February 13, 1996, at Grand Rapids. Decided July 2, 1996, at 9:10 A.M. Leave to appeal sought.

Pete J. Asevedo, Jr., was convicted in the Muskegon Circuit Court, James M. Graves, Jr., J., of three counts of first-degree criminal sexual conduct. The case was submitted to the jury under both the mental anguish and the bodily injury definitions of the personal injury element of the crime. The defendant appealed.

The Court of Appeals *held*:

1. The defendant contends that there was insufficient evidence that the victim suffered bodily injuries contemporaneously with any sexual penetration and, accordingly, that his convictions must be reversed because of an inability to determine whether his convictions rest on a finding by the jury of bodily injuries, for which there was insufficient evidence. The defendant premises his contention on the assertion that mental anguish and bodily injury are alternative theories of guilt. Bodily injury and mental anguish are not alternative theories upon which a jury is required to make independent findings. When a statute lists alternative means of committing an offense that, in and of themselves, do not constitute separate and distinct offenses, jury unanimity is not required with regard to the alternative theory. Because bodily injury, mental anguish, and the other conditions listed in MCL 750.520a(j); MSA 28.788(1)(j) are merely different ways of defining the single element of personal injury, they are not alternative theories upon which jury unanimity is required. Accordingly, because the defendant does not contend that there was insufficient evidence with respect to mental anguish, the element of personal injury has been proved.

2. The defendant's objection on the basis of relevancy to the prosecution's introduction of testimony of prior bad acts is insufficient to preserve for appellate review the question whether that testimony was improperly admitted to prove character and conformity therewith. In any event, the testimony at issue was properly admitted to show absence of consent.

3. The defendant's failure to object to the testimony of an emergency room nurse waives appellate review absent a showing of manifest injustice. Manifest injustice was not shown.

Affirmed.

RAPE — FIRST-DEGREE CRIMINAL SEXUAL CONDUCT — PERSONAL INJURY — BODILY INJURY — MENTAL ANGUISH — JURY UNANIMITY.

Bodily injury, mental anguish, and the other conditions listed in the statutory definition of personal injury for the purpose of criminal sexual conduct are merely different ways of defining the single element of personal injury; those conditions are not alternative theories upon which jury unanimity is required (MCL 750.520a[j]; MSA 28.788[1][j]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Tony Tague*, Prosecuting Attorney, and *Kevin A. Lynch*, Senior Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Ralph C. Simpson*), for the defendant on appeal.

Before: HOEKSTRA, P.J., and SAAD and S. J. LATREILLE,* JJ.

PER CURIAM. Following a jury trial, defendant was convicted in the Muskegon Circuit Court of three counts of first-degree criminal sexual conduct, MCL 750.520b(1)(f); MSA 28.788(2)(1)(f), and was sentenced to concurrent terms of twenty to seventy-five years' imprisonment. Defendant appeals as of right, and we affirm.

The charges against defendant stem from an incident alleged to have occurred between 4:00 A.M. and 10:00 A.M. on January 1, 1991. According to the victim, she was abducted by defendant from the parking lot of a bar as she was walking to a friend's vehicle. She

* Circuit judge, sitting on the Court of Appeals by assignment.

testified that over the next six hours she was repeatedly forced to engage in acts of sexual intercourse and fellatio in defendant's vehicle and in defendant's house. She reported sustaining numerous bruises from being pushed, pulled, manhandled, thrown, and slapped by defendant, but other than one bruise on her left arm incurred during the abduction, she was unable to recall when during the course of the incident the bruises were inflicted. Also, the victim offered testimony concerning the mental and emotional consequences she suffered, both during and after the incident. In response, defendant admitted engaging in sexual acts with the victim, but alleged them to have been consensual. Defendant's first claim on appeal is that there was insufficient evidence to support his convictions because the prosecution failed to establish the element of personal injury. MCL 750.520b(1); MSA 28.788(2)(1) states in pertinent part:

> A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exist:
>
> *    *    *
>
> (f) The actor causes personal injury to the victim and force or coercion is used to accomplish the sexual penetration.

MCL 750.520a(j); MSA 28.788(1)(j) defines personal injury as:

> "Personal injury" means bodily injury, disfigurement, mental anguish, chronic pain, pregnancy, disease or loss or impairment of a sexual or reproductive organ.

The instant case was submitted to the jury under both the mental anguish and the bodily injury definitions of personal injury, and defendant does not challenge the sufficiency of the evidence of mental anguish. Rather, defendant contends that the evidence of bodily injury was insufficient because the victim was unable to testify that her bodily injuries occurred contemporaneously with any of the numerous acts of sexual penetration. It is defendant's assertion that mental anguish and bodily injury are alternative theories of guilt and that if one is insufficient, his convictions must be reversed because of the inability to determine on which theory the conviction rests. See *People v Parks*, 57 Mich App 738, 745; 226 NW2d 710 (1975). We disagree.

Somewhat surprisingly, we found no cases that have directly addressed the issue whether the various definitions of personal injury constitute alternative theories of guilt for which a jury must make independent findings of fact. While several reported cases have decided claims based on the sufficiency of the evidence relative to both bodily injury and mental anguish, the conclusions in those cases that the evidence was sufficient relative to both bodily injury and mental anguish avoided resolution of the instant issue.[1]

We have found only two cases that deal with this issue in any fashion, and those cases address it only indirectly. In *People v Petrella*, 424 Mich 221; 380 NW2d 11 (1985), our Supreme Court noted in a foot-

---

[1] See *People v Himmelein*, 177 Mich App 365; 442 NW2d 667 (1989); *People v Swinford*, 150 Mich App 507; 389 NW2d 462 (1986); *People v Jenkins*, 121 Mich App 195; 328 NW2d 403 (1982); *People v Guinn*, 111 Mich App 223; 314 NW2d 562 (1981).

note that it was unnecessary for it to address the sufficiency of the evidence supporting a claim of bodily injury given its conclusion that there was sufficient evidence of mental anguish. *Id.* at 272, n 23. Similarly, in a separate opinion in *People v Burton*, 433 Mich 268, 304-305; 445 NW2d 133 (1989), then Chief Justice RILEY obliquely addressed the issue in a response to a dissenting opinion by Justice BOYLE. Chief Justice RILEY stated, without analysis, that her conclusion that the prosecution had presented sufficient evidence of bodily injury for purposes of proving personal injury made it unnecessary to decide an issue relating to mental anguish.

We believe that the obvious conclusion to be drawn from these cases is that bodily injury and mental anguish are not alternative theories upon which a jury is required to make independent findings, as proposed by defendant. When a statute lists alternative means of committing an offense which in and of themselves do not constitute separate and distinct offenses, jury unanimity is not required with regard to the alternate theory. *People v Johnson*, 187 Mich App 621, 629-630; 468 NW2d 307 (1991). The same reasoning applies here. Because bodily injury, mental anguish, and the other conditions listed in MCL 750.520a(j); MSA 28.788(1)(j) are merely different ways of defining the single element of personal injury, we believe they should not be construed to represent alternative theories upon which jury unanimity is required. Accordingly, if the evidence of any one of the listed definitions is sufficient, then the element of personal injury has been proven.

In the present case, defendant does not challenge the sufficiency of the evidence regarding mental

anguish. Therefore, on that basis alone, we find that the evidence of personal injury was sufficient, and we need not consider defendant's challenge to the evidence pertaining to bodily injury.

Next, defendant claims that the trial court improperly allowed the prosecution to introduce evidence that more than a month before the instant offense he had become enraged with his ex-girlfriend and had punched through a window in an effort to assault her. Defendant argues that this evidence was inadmissible to prove character and conformity therewith. MRE 404(b). At trial, defendant objected to the evidence, not on this basis, but on the ground of relevancy. An objection based on one ground at trial is insufficient to preserve an appellate attack based on a different ground. *People v Stimage*, 202 Mich App 28, 30; 507 NW2d 778 (1993). Regardless, when read in context, the testimony was properly admitted to bolster the prosecution's theory that the events at issue were not consensual and was not admitted to show defendant's criminal propensity or to establish that he acted in conformity therewith. See *People v VanderVliet*, 444 Mich 52, 65; 508 NW2d 114 (1993).

Finally, defendant claims that his convictions should be reversed because an emergency room nurse that attended the victim after the incident testified that the victim was not "faking" and that she personally believed that the victim was raped. Defendant failed to object to the allegedly improper testimony. The failure to object to the admission of evidence waives appellate review in the absence of manifest injustice. *People v Turner*, 213 Mich App 558, 583; 540 NW2d 728 (1995). Because we conclude that the evi-

dence overwhelmingly supported defendant's convictions, we find no manifest injustice here.

Affirmed.