PEOPLE v LYNN

Docket No. 188433. Submitted December 17, 1996, at Grand Rapids. Decided May 9, 1997, at 9:05 A.M.

Kenneth H. Lynn was convicted by a jury in the 61st District Court, Michael Christensen, J., of violating MCL 750.448; MSA 28.703. The defendant appealed and the Kent Circuit Court, Donald Johnston, J., reversed and remanded for a retrial, finding that the trial court erred in denying the defendant's request for a bifurcated jury instruction that would have required the jury to conclude unanimously that the defendant had solicited either for prostitution or for a lewd or immoral act or, if neither of those determinations was made unanimously, to find the defendant not guilty. The prosecution appealed by leave granted.

The Court of Appeals *held*:

1. The statute proscribes certain conduct undertaken for a prohibited purpose. The statute lists alternative means by which the prohibited purpose requirement may be fulfilled and the listed alternatives ("to commit prostitution or to do any other lewd act") are merely different ways of defining the single element of a prohibited purpose. The district court correctly concluded that the statute did not require that the requested instructions be given and that a general jury unanimity instruction was sufficient.

2. The defendant was not entrapped.

3. The judgment of the circuit court must be reversed and the matter must be remanded to the district court for reinstatement of the conviction and sentence.

Reversed and remanded.

CRIMINAL LAW — PROSTITUTION — SOLICITING AND ACCOSTING — JURY INSTRUCTIONS.

A trial court does not deny a defendant the right to a unanimous verdict by instructing the jury in a prosecution alleging a violation of MCL 750.448; MSA 28.703 that it could find the defendant guilty if it concluded that the defendant had accosted or solicited another person "for the purposes of prostitution, or for any other lewd or immoral act"; the statute proscribes certain conduct undertaken for a prohibited purpose and lists alternative means by which the prohibited purpose requirement may be fulfilled; the listed alternatives

("to commit prostitution or to do any other lewd or immoral act") are merely different ways of defining the single element of a prohibited purpose; the statute does not list separate and distinct alternative means of establishing an element of the offense but, instead, by using the word "other" indicates that prostitution is one activity falling within the broader category of "lewd or immoral acts."

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, *Timothy K. McMorrow,* Chief Appellate Attorney, and *David M. LaGrand,* Assistant Prosecuting Attorney, for the people.

*Matthew P. Smith & Assoc., P.C.* (by *Matthew P. Smith*), and Kenneth H. Lynn, in propria persona, for the defendant.

Before: BANDSTRA, P.J., and HOEKSTRA and S. F. COX*, JJ.

BANDSTRA, P.J. Following a jury trial, defendant was convicted in the district court of violating MCL 750.448; MSA 28.703, a misdemeanor. He was sentenced to one day in jail, with credit for time served, thirty-two hours of work service, a $100 fine, and $400 in costs. Defendant appealed his sentence to the circuit court, which reversed defendant's conviction and remanded for retrial. We granted the prosecution leave to appeal and now reverse the circuit court's judgment and reinstate defendant's conviction and sentence.

The statute under which defendant was charged states:

Any person, male or female, . . . who shall accost, solicit or invite another . . . to commit prostitution or to do any

---

* Circuit judge, sitting on the Court of Appeals by assignment.

other lewd or immoral act, shall be guilty of a misde-
meanor. [MCL 750.448; MSA 28.703.]

At trial, defendant requested a bifurcated jury instruc-
tion that would have required the jurors to conclude
unanimously that he had solicited either for prostitu-
tion or for a lewd or immoral act or, if neither of
those determinations was made unanimously, to find
defendant not guilty. The district court denied that
request and instructed the jury that it could find
defendant guilty if it concluded that he had accosted
or solicited another person "for the purposes of pros-
titution, or for any other lewd or immoral act." The
circuit court reasoned that this was error requiring
reversal. We disagree.

In *People v Johnson*, 187 Mich App 621; 468 NW2d
307 (1991), the defendant was convicted of second-
degree murder. The jury was instructed that it was
not necessary that it unanimously agree regarding
which of the three alternative guilty states of mind
(intent to kill or do great bodily harm, intent to create
a very high risk of death or great bodily harm, or
knowledge that death or great bodily harm would
probably result) was proved in order to convict. *Id.* at
628-629. The defendant argued that the instruction
allowed the jury to convict him without a unanimous
verdict. A panel of this Court concluded otherwise,
reasoning:

> The alternate theories of a defendant's state of mind
> relate to a single element of a single offense. When a statute
> lists alternative means of committing an offense which in
> and of themselves do not constitute separate and distinct
> offenses, jury unanimity is not required with regard to the
> alternate theory. [*Id.* at 629-630.]

This reasoning was cited with apparent approval by our Supreme Court in *People v Cooks*, 446 Mich 503, 515, n 16; 521 NW2d 275 (1994).[1]

A panel of our Court recently followed the *Johnson* analysis in *People v Asevedo*, 217 Mich App 393; 551 NW2d 478 (1996), where the defendant had been convicted of first-degree criminal sexual conduct. The defendant argued that the jury should have been required to conclude unanimously that the victim had suffered either bodily injury or mental anguish as a result of the criminal sexual conduct. This Court concluded otherwise, reasoning that bodily injury and mental anguish are "merely different ways of defining the single element of personal injury" required by the statute. *Id.* at 397. Because there was sufficient evi-

---

[1] Defendant argues that we should apply the analysis of *Cooks* to determine that the general unanimity instruction provided in this case was insufficient and that the bifurcated instruction requested was required. However, we conclude that *Johnson* and *People v Asevedo*, 217 Mich App 393; 551 NW2d 478 (1996) (see earlier discussion), are apposite, but *Cooks* is not. The issue raised in *Cooks, supra* at 515, was "whether the trial court's general unanimity instruction sufficiently protected defendant's right to a unanimous verdict, in light of the allegations of separate acts by the defendant, each of which would factually satisfy the elements of the charged offense." Our Supreme Court, *id.* at 515, recognized that this question is "analytically distinct" from the question at issue in *Johnson,* whether jury unanimity is required "[w]hen a statute lists alternative means of committing an offense which in and of themselves do not constitute separate and distinct offenses . . . ." In *Cooks*, the defendant was charged with one count of first-degree criminal sexual conduct and the complainant testified that he had penetrated her in three separate acts on three separate days. *Id.* at 506-507. The question reviewed in *Cooks* was whether the jury could convict the defendant without agreeing unanimously that one of the alleged offenses occurred. That kind of issue is certainly different than the one presented here, whether defendant's single telephone-call solicitation of Officer Newton was for the purpose of prostitution or for any other lewd or immoral act. In the words of *Cooks*, this is a "multitheory" case, not a "multiple acts" or "separate acts" case. *Id.* at 513-515. Because we thus find *Cooks* inapposite, we need not determine whether defendant would be entitled to the requested bifurcated instruction under the *Cooks* analysis.

dence of at least one of the listed definitions,[2] the element of personal injury was proved. *Id.*

Under *Johnson* and *Asevedo*, the statute at issue here proscribes certain conduct undertaken for a prohibited purpose.[3] The statute lists alternative means by which the prohibited purpose requirement may be fulfilled and the listed alternatives ("to commit prostitution or to do any other lewd or immoral act") are merely different ways of defining the single element of a prohibited purpose. The district court correctly concluded that the statute did not require that the requested instructions be given but, instead, that a general jury unanimity instruction was sufficient.[4]

In a brief submitted in propria persona, defendant also argues that he was entrapped. However, defendant devotes only one short paragraph to this issue and cites no authority to suggest that entrapment occurred under the facts of this case. We are not convinced by defendant's cursory argument and are not required to search for precedents to support his posi-

---

[2] Before his conviction, defendant moved for a directed verdict, which was denied. He has not cross appealed regarding the denial of his motion or otherwise suggested that there is insufficient evidence to support the conviction.

[3] The facts here present an even more compelling case for affirming defendant's conviction than those in either *Johnson* or *Asevedo*. The statute here does not list separate and distinct alternative means of establishing an element of the offense. Instead, by use of the word "other," the statute indicates that "prostitution" is one activity falling within a broader category, "lewd or immoral act[s]." Accordingly, defendant could not logically complain if some jurors believed his purpose was to solicit prostitution but others believed his purpose was to solicit some other lewd or immoral act. All jurors would thus be in unanimous agreement that he had solicited a lewd or immoral act, prostitution or otherwise.

[4] Defendant has not argued that the statute, construed in this manner, violates constitutional guarantees of due process. See *Schad v Arizona*, 501 US 624; 111 S Ct 2491; 115 L Ed 2d 555 (1991).

tion. *Hover v Chrysler Corp*, 209 Mich App 314, 319; 530 NW2d 96 (1995).

We reverse the circuit court's judgment and remand to the district court for reinstatement of the conviction and sentence. We do not retain jurisdiction.