*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JAKE CUNNINGHAM,

Defendant-Appellant.

UNPUBLISHED
July 25, 2019

No. 342637
Wayne Circuit Court
LC No. 17-002457-01-FC

Before: TUKEL, P.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions for three counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (victim was under 13 years of age), and three additional counts of CSC-I, MCL 750.520b(1)(b)(*ii*) (victim was between 13 and 16 years of age and related to defendant). Defendant was sentenced to 60 to 90 years' imprisonment for each CSC-I conviction. We affirm defendant's convictions but remand for resentencing.

This case arises from defendant's sexual assault of his biological daughter, ZH. At trial, ZH recounted how defendant would touch her breasts and vagina, starting when she was seven years old. When ZH was nine years old, defendant started having sexual intercourse with ZH, including oral sex. The assaults occurred every time ZH saw defendant and continued once ZH turned 13 years old. Following the prosecution's redirect-examination of ZH, the trial court did not allow defendant to recross-examine ZH, on the basis that defendant did not have the burden of proof.

While the jury was deliberating, defendant left the courthouse. Defendant refused to return, even after being told that the jury had reached its verdicts. Consequently, the trial court took the jury's verdicts without defendant being present.

At sentencing, the trial court and the parties did not discuss the scoring of the prior record variables or the offense variables ("OV"). Instead, the prosecution requested that the trial court sentence defendant to 50 to 100 years' imprisonment. Defense counsel stated that he agreed with the prosecution that defendant's minimum sentencing guidelines range was 171 to 285 months' imprisonment but requested a sentence according to the statutory minimum, which was 25 years'

imprisonment. The trial court imposed an out-of-guidelines sentence of 60 to 90 years' imprisonment for each conviction.

## I. RECROSS-EXAMINATION

Defendant argues that the trial court abused its discretion by preventing him from recross-examining the prosecution's witnesses and that the trial court's denial deprived him of a fair trial. We disagree.

At the outset, this issue is not preserved for appellate review. While defendant objected to the trial court's decision to not allow him to recross-examine ZH, he did not object on grounds that such a denial deprived him a fair trial. See *People v Asevedo*, 217 Mich App 393, 398; 551 NW2d 478 (1996) ("An objection based on one ground at trial is insufficient to preserve an appellate attack based on a different ground."). We review unpreserved constitutional issues for plain error affecting defendant's substantial rights. *People v Kowalski*, 489 Mich 488, 505; 803 NW2d 200 (2011). Under this standard, defendant has the burden to prove that there was a plain or obvious error that affected the outcome of the proceedings. *People v Shafier*, 483 Mich 205, 219-220; 768 NW2d 305 (2009).

"A primary interest secured by the Confrontation Clause [of the Sixth Amendment] is the right of cross-examination." *People v Gaines*, 306 Mich App 289, 315; 856 NW2d 222 (2014). "Neither the Sixth Amendment's Confrontation Clause nor due process confers on a defendant an unlimited right to cross-examine on any subject." *People v Canter*, 197 Mich App 550, 564; 496 NW2d 336 (1992). "Cross-examination may be denied with respect to collateral matters bearing only on general credibility, as well as on irrelevant issues." *Id*. (citations omitted). "A limitation on cross-examination that prevents a defendant from placing before the jury facts from which bias, prejudice, or lack of credibility of a prosecution witness might be inferred constitutes denial of the constitutional right of confrontation." *People v Kelly*, 231 Mich App 627, 644; 588 NW2d 480 (1998).

On cross-examination, defendant raised the implication that ZH lied about the assaults to get attention; that ZH did not mention the assaults in a letter she wrote to defendant; that defendant disciplined ZH regarding telephone conversations that ZH had had; and that during her Kids Talk interview, ZH did not mention going to hotels with defendant or defendant giving her alcohol and pills. During cross-examination, defendant attempted to impeach ZH by reading portions of her preliminary examination transcript where she did not mention alcohol or pills. On redirect-examination, the prosecution raised the issues of whether anyone told ZH what to say; whether ZH had a motive to lie about the sexual abuse; the fact that ZH did not mention going to hotels with defendant; and that defendant gave ZH alcohol and pills before sexually abusing her. Defense counsel requested an opportunity to recross-examine ZH, but the trial court denied the request on the basis that defendant did not have the burden of proof at trial.

The trial court was mistaken in its reasoning for denying recross-examination. Indeed, the error was plain or obvious. There is no court rule flat-out prohibiting recross-examination for criminal defendants, and the identity of the party with the burden of proof is irrelevant for purposes of limiting cross-examination; instead, "[t]he judge may limit cross-examination with respect to matters not testified to on direct examination." MRE 611(c).

However, defendant has failed to show how this plain error affected the outcome of the proceedings. Defendant does not state or identify the questions that he was prevented from asking ZH that he had not already asked on cross-examination or how those questions would have resulted in a different verdict from the jury. Here, ZH testified under oath, was subject to cross-examination, and the jury was able to observe her demeanor. Although the trial court foreclosed recross-examination, defendant already had been able to cross-examine ZH on all material matters raised by the prosecution, including impeachment which explored whether ZH had a motive to lie and ZH's inconsistent statements. Accordingly, given the brief and limited scope of the prosecution's redirect-examination, we cannot conclude that the outcome of the proceedings was affected by trial court's ruling prohibiting defendant from engaging in recross-examination.

## II. SENTENCING

Defendant argues that the trial court erred when it assessed 10 points for OV 19 because defendant's failure to appear for the verdict did not comprise obstructive conduct and occurred after the offense had been completed. Defendant also argues that the trial court abused its discretion when it failed to justify its reasoning for imposing an out-of-guidelines sentence.

### A. OV 19

Defendant argues that the trial court erred in assessing 10 points for OV 19. We disagree.

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

"The instructions for scoring OV 19 are found in MCL 777.49, which requires the assignment of 10 points if '[t]he offender otherwise interfered with or attempted to interfere with the administration of justice.' " *People v Sours*, 315 Mich App 346, 349; 890 NW2d 401 (2016), quoting MCL 777.49 (alteration in original). "[T]he plain and ordinary meaning of 'interfere with the administration of justice' for purposes of OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey (On Remand)*, 303 Mich App 330, 343; 844 NW2d 127 (2013).

Although the trial court did not identify the conduct which supported an assessment of 10 points for OV 19, the parties agree that the conduct used for scoring this variable was defendant's failure to appear for the jury verdict. While the jury was deliberating, defendant left the courthouse. When the jury had reached a verdict, defense counsel called defendant and told him to return to the courthouse, and defendant said that he was coming back. However, defendant never returned to the courthouse. At sentencing, defendant explained that he did not return for the jury verdict because he was "scared" and "afraid."

Defendant's act of leaving the courthouse and failing to return for the jury verdict constituted interference with the administration of justice. Although the trial court simply took

the jury's verdict without defendant being present, and thus in that sense defendant did not impede justice, that fact is not controlling. Ten points are properly scored for OV 19 if the defendant "otherwise interfered with or *attempted* to interfere with the administration of justice." MCL 777.49(c) (emphasis added). Here, defendant's refusal to return to the courthouse for the verdict can only be viewed as an attempt to impede the return of a verdict, which certainly is part of the "administration of justice." Thus, defendant's conduct clearly fits within the definition of attempting to "interfere with the administration of justice." See *Hershey*, 303 Mich App at 343 ("OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process."), and the trial court did not clearly err when it made the same determination. Accordingly, 10 points were properly scored for OV 19.

Defendant's claim that his "failure to do something, i.e., appear for his jury's verdict, is not conduct anticipated by OV 19" is without merit. Defendant walked out of the courthouse and refused to return—those actions are "conduct." Defendant took the deliberate action to first leave and then elected to not return. Both leaving and not returning to the courthouse for the verdict were actions that constituted interference with the administration of justice, as contemplated by MCL 777.49(c).

Defendant also argues that the trial court erred because refusing to return for the jury verdict was conduct that occurred after the offense of conviction. Thus, defendant claims that his failure to return could not be considered for purposes of OV 19. While OVs generally must "be scored giving consideration to the sentencing offense alone," *People v McGraw*, 484 Mich 120, 133; 771 NW2d 655 (2009), "[t]he aggravating factors considered in OV 19 contemplate events that almost always occur *after* the charged offense has been completed." *People v Smith*, 488 Mich 193, 200; 793 NW2d 666 (2010) (emphasis added). "Because OV 19 specifically provides for the 'consideration of conduct after completion of the sentencing offense,' conduct that occurred after an offense was completed may be considered when scoring the offense variable." *Id*. at 202. Accordingly, it was proper for purposes of scoring OV 19 for the trial court to consider defendant's failure to appear for the verdict.

Defendant further argues that defense counsel was ineffective for failing to object to the trial court's assessment of 10 points for OV 19. However, as stated above, the trial court did not err when it assessed 10 points for OV 19. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Therefore, defendant failed to establish that defense counsel was ineffective.

## B. PROPORTIONALITY

Defendant argues that the trial court's imposition of six concurrent sentences of 60 to 90 years' imprisonment constitutes disproportionate sentences. Because the record does not show that the trial court properly consulted the sentencing guidelines range and because the trial court did not adequately explain its rationale for imposing an out-of-guidelines sentence, we remand for resentencing.

Although the sentencing guidelines are now advisory, instead of being mandatory, see *People v Lockridge*, 498 Mich 358, 365, 399; 870 NW2d 502 (2015), a sentencing court

nevertheless *must* consult the guidelines when imposing a sentence, *id.* at 391. See also *People v Steanhouse*, 500 Mich 453, 474-475; 902 NW2d 327 (2017) (stating that although the guidelines are now advisory, they remain a highly relevant consideration in a trial court's exercise of sentencing discretion and must be consulted and taken into account when imposing a sentence).

At sentencing, defense counsel stated that the prosecutor and defense counsel had agreed that defendant's minimum sentencing guidelines range was 171 to 285 months' imprisonment. But the trial court signed the sentencing information report, which contained the scoring for the various prior record variables and the offense variables and provided for a guidelines range of 270 to 450 months. However, while imposing sentence, the trial court never stated what the pertinent guidelines range was. This was error, as our Supreme Court has required trial courts to consult the guidelines when imposing a sentence. *Steanhouse*, 500 Mich at 474-475; *Lockridge*, 498 Mich at 391. The trial court, at best, acknowledged that the sentencing guidelines were advisory, but it never acknowledged what the pertinent guidelines range actually was, nor did it resolve the seeming contradiction between what defense counsel characterized as an understanding between himself and the prosecutor as to the guidelines range with a much different range set forth in the sentencing information report. Thus, on remand, the trial court is to create a record to show that it has consulted the pertinent guidelines range in fashioning a sentence.[1]

Next, regardless of the guidelines range, the trial court's minimum sentence of 60 years (or 720 months) constituted an out-of-guidelines sentence.[2] "[T]his Court is required to review for reasonableness only those sentences that depart from the range recommended by the statutory guidelines." *People v Anderson*, 322 Mich App 622, 636; 912 NW2d 607 (2018). "[T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the 'principle of proportionality' set forth in *People v Milbourn*[, 435 Mich 630; 461 NW2d 1 (1990)]." *Steanhouse*, 500 Mich at 459-460 (citation omitted). " '[T]he key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range.' " *Id*. at 475, quoting *Milbourn*, 435 Mich at 661.

Michigan courts have held that a judge who decides to impose a sentence in excess of the guidelines range "must ' "justify the sentence imposed in order to facilitate appellate review." ' " *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017), lv pending, quoting *Steanhouse*, 500 Mich at 470, quoting *Lockridge*, 498 Mich at 392. In doing so, a court is to "include[] an explanation of why the sentence imposed is more proportionate to the offense and

---

[1] Further, in addition to satisfying our Supreme Court's mandate to consult the guidelines, expressly referencing the applicable guidelines range at sentencing would have alerted defendant and the prosecutor that their mutual understanding of the guidelines range differed from that in the sentencing information report and may have been incorrect, which could have spurred further discussion and analysis on the matter.

[2] We note that regardless of any guidelines score, MCL 750.520b(2)(b) requires a minimum 25-year term of imprisonment for each CSC-I conviction.

the offender than a different sentence would have been." *Dixon-Bey*, 321 Mich App at 525 (quotation marks and citation omitted).

> [R]elevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range continue to include (1) whether the guidelines accurately reflect the seriousness of the crime; (2) factors not considered by the guidelines; and (3) factors considered by the guidelines but given inadequate weight. [*Id.* (quotation marks and citations omitted.]

Here, the trial court provided very little justification for the sentence it imposed, including why this sentence was more appropriate than a sentence that fell within the guidelines. At sentencing, the only justification the court provided was the following:

> You know, I looked at *Lockridge*, because I don't think that *Lockridge* or a sentencing guidelines . . . can possibly foresee the conduct that you inflicted upon your daughter.
>
> How could you? She's 9-years old and you start sexually molesting her. Because you enjoy it.
>
> You know, you got her worried now, but she really doesn't have anything to be ashamed of. She has nothing to be ashamed of and nothing to be afraid of. No.

We hold that the trial court failed to adequately justify the sentence imposed. The above rationale is too sparse to be of any use in facilitating appellate review. Therefore, we remand for resentencing. See *Steanhouse*, 500 Mich at 476 (stating that a trial court abuses its discretion when it fails "to provide adequate reasons for the extent of the departure sentence imposed"). We note that the factors the trial court cited and the sentence it imposed are not necessarily inappropriate, and our opinion does not preclude the trial court from imposing the same sentence (or a different sentence exceeding the applicable guidelines range) if it chooses to exercise its discretion in that manner. Instead, our holding merely is that if the court is to impose a sentence that exceeds the guidelines range, the court needs to adequately articulate its reasons why it chose that sentence, such that it facilitates appellate review. See *id.*; *Dixon-Bey*, 321 Mich at 525.

We affirm defendant's convictions but remand for resentencing. We do not retain jurisdiction.

/s/ Jonathan Tukel
/s/ Kathleen Jansen
/s/ Michael J. Riordan