*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JONATHAN DAVID COOK,

      Defendant-Appellant.

UNPUBLISHED
December 21, 2023

No. 361429
Wexford Circuit Court
LC No. 2021-013145-FH

Before: BORRELLO, P.J., and SWARTZLE and PATEL, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction for resisting and obstructing a police officer, MCL 750.81d(1). Defendant was sentenced, as a fourth-offense habitual offender, MCL 769.12, to 3 to 15 years' imprisonment. We affirm.

## I. BACKGROUND

This matter involves actions that occurred during a state police trooper's arrest of defendant during a traffic investigation. While the trooper was on patrol, he observed defendant rummaging through a minivan that had been abandoned on the side of the road for at least two days. When the trooper approached the minivan in his marked patrol vehicle, defendant walked quickly to a sedan that was parked in front of the minivan and got into the front passenger seat. The trooper questioned defendant and the driver of the sedan to determine whether either of them had an ownership right to the van. Neither claimed ownership. The driver of the sedan produced her driver's license, but defendant refused to identify himself. Based on defendant's behavior and his furtive movements inside the vehicle, the trooper ordered defendant out of the vehicle and placed him in handcuffs. After he was cuffed, defendant fled on foot for approximately 200 yards before the trooper tackled him to the ground. Defendant kicked the trooper in the face and continued to resist commands until he was ultimately tasered by the trooper and taken into custody.

Before the jury began deliberations, the trial court read jury instructions that included language stating the verdict must be unanimous. Defendant's trial counsel made no objection to these instructions and did not request a specific unanimity instruction. In fact, when the trial court asked defendant's trial counsel whether there was any challenge to the instructions given, he

-1-

responded, "No, your Honor." After less than 20 minutes of deliberations, the jury convicted defendant as indicated.

Defendant was first sentenced in April 2022. Defendant attended the sentencing hearing by videoconference and waived his right, on the record, to appear physically for sentencing. However, a resentencing hearing was held on May 31, 2022 because there was a change in the law that affected the number of days of jail credit that defendant was entitled to. Defendant attended the resentencing hearing by videoconference via Zoom from a Michigan Department of Corrections facility. Although defendant's trial counsel introduced defendant as being present virtually at the hearing, none of the parties addressed defendant's virtual attendance at the resentencing hearing. Defendant did not object to his virtual attendance. Defendant was given an opportunity to make a statement to the trial court to advocate for a lower sentence. Defendant's trial counsel also argued for a lower minimum sentence. Ultimately, the court sentenced defendant to the same sentence as his previous sentence, but adjusted his jail credit days. Defendant now appeals.[1]

## II. UNANIMITY JURY INSTRUCTION

Defendant first argues that the trial court erred by not giving a specific unanimity instruction. We disagree.

As a threshold issue, defendant did not object to the trial court's jury instruction regarding unanimity or request a specific jury instruction on unanimity. Accordingly, this issue is not preserved for appellate review. See MCR 2.512(C); *People v Czuprynski*, 325 Mich App 449, 466, 926 NW2d 282 (2018) (holding that a claim regarding jury instructions is preserved "by challenging [that] aspect of the jury instructions in the trial court.").[2] We review unpreserved claims of constitutional error for plain error affecting the defendant's substantial rights. *People v Carines*, 460 Mich 750, 762-763; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. at 763. To satisfy the third element, the defendant must show that the error "affected the outcome of the lower court proceedings." *Id*. "[O]nce a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse." *Id*. "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error

---

[1] Defendant filed a motion to remand for resentencing, which we denied. *People v Cook*, unpublished order of the Court of Appeals, entered February 15, 2023 (Docket No. 361429).

[2] After the trial court read the instructions, it asked the parties if they had any challenges to the instructions. Defendant's trial counsel stated that he did not. Considering trial counsel's express approval of the jury instructions as given, we find the challenge to the instructions waived. See *People v Kowalski*, 489 Mich 488, 503-504; 803 NW2d 200 (2011) ("When defense counsel clearly expresses satisfaction with a trial court's decision, counsel's action will be deemed to constitute a waiver."). As in *Kowalski*, however, we will assume for the sake of argument that the matter was merely forfeited and review it for plain error. *Id*. at 505-506.

seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763-764 (cleaned up).

"A criminal defendant has the right to have a properly instructed jury consider the evidence against him." *People v Mills*, 450 Mich 61, 80; 537 NW2d 909 (1995). Further, the right to a trial by jury enshrined in the Sixth Amendment of the United States Constitution,[3] which applies to the states via the Fourteenth Amendment, "includes a requirement that the verdict should be unanimous." *Ramos v Louisiana*, 590 US __, __; 140 S Ct 1390, 1396-1397; 206 L Ed 2d 583 (2020). Similarly, "[c]riminal defendants are guaranteed a unanimous jury verdict under the state constitution." *People v Gadomski*, 232 Mich App 24, 30; 592 NW2d 75 (1998), citing Const 1963, art 1, § 14. "In order to protect a defendant's right to a unanimous verdict, it is the duty of the trial court to properly instruct the jury regarding the unanimity requirement." *People v Cooks*, 446 Mich 503, 511, 521 NW2d 275 (1994). While a general instruction on unanimity is often sufficient to fulfill this duty, "when the state offers evidence of multiple acts by a defendant, each of which would satisfy the *actus reus* element of a single charged offense, the trial court is required to instruct the jury that it must unanimously agree on the same specific act if the acts are materially distinct or if there is reason to believe the jurors may be confused or disagree about the factual basis of the defendant's guilt." *Id*. at 512. "The critical inquiry is whether either party has presented evidence that materially distinguishes any of the alleged multiple acts from the others." *Id*. "[W]hen a statute lists alternative means of committing an offense which in and of themselves do not constitute separate and distinct offenses, jury unanimity is not required with regard to the alternate theory." *People v Chelmicki*, 305 Mich App 58, 68; 850 NW2d 612 (2014) (cleaned up).

In this case, defendant was convicted of one count of resisting and obstructing a police officer, which requires the following elements to be established: "(1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties." *People v Corr*, 287 Mich App 499, 503; 788 NW2d 860 (2010). The first element may be met by multiple means, i.e., assaulting, battering, wounding, resisting, obstructing, opposing, or endangering a police officer. *Id*. The prosecution did not allege multiple, materially distinct acts to prove defendant committed the offense. The prosecution presented testimony and evidence establishing that defendant disobeyed the police officer's orders, physically resisted being handcuffed, ran away from the officer, and kicked the officer. Defendant's actions were all part of one continuous transaction of escalating resistance that occurred within a short period of time during a traffic investigation. On these facts, defendant has failed to show that the absence of a specific unanimity instruction constituted plain error. See *Carines*, 460 Mich at 763.

---

[3] US Const, Am VI.

## III.  INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Defendant alternatively argues that the failure of his trial counsel to either request a specific unanimity instruction or object to the jury instructions constituted ineffective assistance, necessitating a new trial.  We disagree.

The United States and Michigan Constitutions afford criminal defendants the right to effective assistance of counsel.  *People v Yeager*, 511 Mich 478, 488; __ NW2d __ (2023), citing Const 1963, art 1, § 20; US Const Am VI; *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984).  An ineffective-assistance-of-counsel claim presents a "mixed question of fact and constitutional law."  *Yeager*, 511 Mich at 487.  Constitutional questions are reviewed de novo, while the trial court's findings of fact are reviewed for clear error.  *Id*.

To preserve a claim of ineffective assistance of counsel for appellate review, a defendant must do one of three things: raise the issue in a motion for a new trial, raise the issue in a motion for an evidentiary hearing, *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012), or raise the issue in a motion to remand for an evidentiary hearing, *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020).  Defendant did none of these things and thus our review of this unpreserved issue is limited to errors apparent on the record.  *People v Head*, 323 Mich App 526, 538-539; 917 NW2d 752 (2018).

To prevail on a claim of ineffective assistance, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that [the] outcome would have been different."  *Yeager*, 511 Mich at 488 (cleaned up).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*. (cleaned up).  Defense counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Strickland*, 466 US at 688, 690; see also *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012).  We will not find trial counsel to be ineffective where an objection would have been meritless or futile, *Head*, 323 Mich App at 539, nor will we second-guess matters of trial strategy or "assess counsel's competence with the benefit of hindsight."  *People v Abcumby-Blair*, 335 Mich App 210, 237; 966 NW2d 437 (2020) (cleaned up).

As we discuss in section II of this opinion, a special unanimity jury instruction was not required.  Thus, a request for that instruction, or an objection to the general unanimity instruction given would have been futile.  Defense counsel was not ineffective for failing to advocate for a meritless position.  See *Head*, 323 Mich App at 539.

## IV.  SENTENCING BY VIDEOCONFERENCE

Defendant further argues that his sentence should be vacated and this matter should be remanded for resentencing because his right to be physically present at his sentencing was violated when he attended the resentencing hearing by videoconference without a valid waiver.  We disagree.

"[A] criminal defendant has a constitutional right to be present at any stage of a trial during which substantial rights might be adversely affected, including during sentencing."  *People v*

*Anderson*, 341 Mich App 272, 281; 989 NW2d 832 (2022), citing *Illinois v Allen*, 397 US 337, 338; 90 S Ct 1057; 25 L Ed 2d 353 (1970). A constitutional-error claim that affects a defendant's due process rights must be raised in the trial court to preserve it for appellate review. *People v Anderson*, 341 Mich App at 279. Because defendant did not raise the issue of his physical presence at the resentencing hearing and failed to object to appearing remotely by videoconference, the issue is not preserved for appellate review. *Id.*[4] We review unpreserved claims of constitutional error for plain error affecting the defendant's substantial rights. *Carines*, 460 Mich at 762-763.

Defendant was charged with one count of resisting and obstructing a police officer, which is "a felony punishable by imprisonment for not more than 2 years or a fine of not more than $2,000.00, or both." MCL 750.81d(1). The version of MCR 6.006(A) that was in effect at the time of defendant's May 31, 2022 resentencing hearing did not explicitly state that felony sentencing could be held through two-way interactive video technology:

> (A) Defendant in the Courtroom or at a Separate Location. District and circuit courts may use two-way interactive video technology to conduct the following proceedings between a courtroom and a prison, jail, or other location: initial arraignments on the warrant or complaint, probable cause conferences, arraignments on the information, pretrial conferences, pleas, sentencings for misdemeanor offenses, show cause hearings, waivers and adjournments of extradition, referrals for forensic determination of competency, waivers and adjournments of preliminary examinations, and hearings on postjudgment motions to amend restitution. [MCR 6.006(A), as amended July 26, 2021, 507 Mich cciii (2021).]

"The express mention of one thing in a statute implies the exclusion of other similar things." *In re MCI Telecom Complaint*, 460 Mich 396, 415; 596 NW2d 164 (1999).[5] Following this logic, we have held that felony sentencing may not be held via two-way interactive video without a valid waiver. *People v Heller*, 316 Mich App 314, 318-319; 891 NW2d 541 (2016). Because the record does not reflect that defendant or his counsel waived his right to appear in person or objected to

---

[4] Defendant contends that he preserved his claim by moving this Court for a remand for resentencing. We disagree. "For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). Defendant's reliance on MCR 6.429(C) is misplaced. He has not challenged the sentencing guidelines scoring or information considered at sentencing. Defendant also cites MCR 7.211(C)(1), but that rule is simply procedural and does not provide a basis to preserve an issue for appellate review. We are likewise unpersuaded by defendant's reliance on our Supreme Court's order granting oral argument on the defendant's application to leave to appeal in *People v Enciso*, 509 Mich 937 (2022). The Supreme Court denied the application after hearing oral argument. *People v Enciso*, 989 NW2d 243 (Mich, 2023)

[5] The rules of statutory construction apply to the interpretation of a Michigan court rule. *People v Davis*, 337 Mich App 67, 81; 972 NW2d 304 (2021).

proceeding by videoconference for the resentencing hearing on his felony conviction, we find that defendant has established that the trial court committed plain error.

But to obtain relief, defendant must show that the error "affected the outcome of the lower court proceedings." *Carines*, 460 Mich at 763. In other words, he must establish "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Rosales-Mireles v United States*, 585 US __, __; 138 S Ct 1897, 1904-1905; 201 L Ed 2d 376 (2018) (cleaned up). If defendant successfully establishes that the plain error affected the outcome of his sentencing, then we must determine whether vacating his sentence is warranted because "the plain, forfeited error resulted in the conviction of an actually innocent defendant or . . . seriously affected the fairness, integrity or public reputation of judicial proceedings . . . ." *People v Allen*, 507 Mich 597, 614; 968 NW2d 532 (2021) (cleaned up).

Defendant's resentencing hearing was scheduled only to address the issue of his jail credit. The trial court sentenced defendant to the same sentence as his previous sentence, but adjusted his jail credit days in accordance with the change in the law. Defendant does not challenge the accuracy of his sentence for the offense for which he had been found guilty or his jail credit. Defendant does not assert any irregularities with the sentence, with exception to the fact that he was not present in the courtroom during the resentencing hearing. "[T]he right to be physically present at sentencing is designed to protect the defendant from an erroneous sentence, and not necessarily to protect some other interest." *Anderson*, 341 Mich App at 284. "[T]he effects of sentencing a defendant remotely are not too difficult to measure, and . . . the error will not always result in fundamental unfairness." *Id*. Defendant's attendance by videoconference did not "affect the composition of the record or otherwise undermine the fairness of the criminal proceeding as a whole." *Id*. at 285, citing *Washington v Recuenco*, 548 US 212, 218-219; 126 S Ct 2546; 165 L Ed 2d 466 (2006). Similar to *Anderson*, there is no "evidence, inference, or indication" that defendant would have been treated differently if he had been physically present at his resentencing hearing. *Id*. at 287. Defendant's physical absence from the courtroom did not keep him or his trial counsel from actively participating in the resentencing hearing. The record establishes that defendant allocated and his trial counsel argued in favor of a lower sentence. Defendant has not maintained that he lost an opportunity to present any additional evidence because of his physical absence. We find that there was not "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Rosales-Mireles*, 585 US at __; 138 S Ct at 1904-1905 (cleaned up). Because defendant has failed to establish that the plain error affected his sentencing, he is not entitled to resentencing.

Affirmed.

/s/ Stephen L. Borrello
/s/ Brock A. Swartzle
/s/ Sima G. Patel

-6-