*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 2, 2024

Plaintiff-Appellee,

v

No. 365094
Wayne Circuit Court
LC No. 20-005208-01-FC

MUHAMMAD TYYAB KHAN,

Defendant-Appellant.

Before: BOONSTRA, P.J., and CAVANAGH and PATEL, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of armed robbery causing serious injury, MCL 750.529, assault with intent to do great bodily harm (AWIGBH), MCL 750.84, carrying a concealed weapon (CCW), MCL 750.227, two counts of felonious assault, MCL 750.82, and four counts of possession of a firearm in the commission of a felony (felony-firearm), MCL 750.227b.[1] Defendant was sentenced to 144 to 240 months' imprisonment for armed robbery, 80 to 120 months' imprisonment for AWIGBH, 20 to 60 months' imprisonment for CCW, 18 to 48 months' imprisonment for one felonious assault conviction, and 2 years' imprisonment for each conviction of felony-firearm.[2] The trial court ordered that the armed robbery, AWIGBH, CCW, and felonious assault sentences were all to run concurrently to one another. The trial court further initially ordered that the felony-firearm sentences were to run concurrently to each other but that each was to run consecutively to a corresponding felony-firearm count.[3] The trial court subsequently entered an amended judgment of sentence that amended the terms of the sentence as

---

[1] The four felony-firearm counts were associated with assault with intent to murder (AWIM), MCL 750.83, AWIGBH, armed robbery, and one count felonious assault.

[2] The original judgment of sentence did not reflect the second felonious assault charge or a sentence for the conviction of that charge. It also appears that some of the counts were misnumbered. These errors were corrected in a subsequent amended judgment of sentence.

[3] The original judgment of sentence thus appears to have been incorrectly premised on CCW being a predicate felony for one of the felony-firearm convictions.

we will describe later in this opinion. We conclude that the judgment of sentence should be further amended to reflect that the sentence for the second felonious assault conviction is to be served concurrently with the felony-firearm convictions, but find no merit to defendant's remaining arguments on appeal. We affirm in part, vacate the amended judgment of sentence, and remand to the trial court to amend the judgment of sentence consistent with this opinion.

## I. BACKGROUND

This case involves the shooting of Armond Gary. Gary planned to sell a pair of shoes to defendant, who contacted Gary for this purpose. Gary alleged defendant agreed to pay $90 for the shoes. Gary's girlfriend, Chloe Faith Tanner, drove Gary to the location where the sale was to occur. Defendant and Gary argued over the cost of the shoes. Defendant told Gary he planned to take the shoes without paying for them. Gary turned to put the shoes back inside the car. When Gary turned back toward defendant, defendant was pointing a gun at him. Gary attempted to grab the gun from defendant. Gary heard three or four shots fired, one of which hit his shoulder. After he was shot, Gary wrestled the gun out of defendant's hand and the two fought. At one point, defendant picked up the gun and pointed it at Tanner. Gary begged defendant to stop. Defendant ran from the scene. Tanner drove Gary to the hospital and he was treated for his injury.

Defendant was arrested and charged with assault with AWIM, armed robbery causing serious injury, AWIGBH, CCW, felonious assault against Gary, felony-firearm attached to the AWIM charge, felony-firearm attached to the armed robbery charge, felony-firearm attached to the AWIGBH charge, and felony-firearm attached to the charge of felonious assault against Gary. After a preliminary examination, defendant was also charged with felonious assault against Tanner. The felony information was amended to add the additional felonious assault charge. Importantly, no additional felony-firearm charge was added indicating the additional felonious assault count regarding Tanner as a predicate felony.

The jury convicted defendant of all the charges except AWIM. The jury was unable to reach a unanimous verdict on AWIM. Defendant was sentenced as discussed above. This appeal followed.

While this appeal was pending, the trial court sua sponte entered an amended judgment of sentence. Defendant was sentenced to 144 to 240 months' imprisonment for armed robbery, 80 to 120 months' imprisonment for AWIGBH, 20 to 60 months' imprisonment for CCW, 18 to 48 months' imprisonment for each of the two felonious assault convictions, and two years' imprisonment for each of the four felony-firearm convictions.[4] Defendant's sentences for his convictions of armed robbery, AWIGBH, and felonious assault were to be served concurrently with the CCW conviction, but consecutively to the four felony-firearm convictions. In addition, defendant's sentences for his convictions of CCW and the four felony-firearm convictions were to

---

[4] Although the jury did not convict defendant of AWIM, and AWIM was the predicate felony for one of the felony-firearm convictions, our Supreme Court has determined that a conviction of a predicate felony is not a prerequisite to a conviction of an associated charge of felony-firearm. See *People v Lewis*, 415 Mich 443, 453-454; 330 NW2d 16 (1982).

be served concurrently to each other. Further, the amended judgment of sentence removed the designation indicating lifetime electronic monitoring.

## II. AMENDED WITNESS LIST

Defendant argues the trial court abused its discretion when it allowed the prosecution to amend the witness list without good cause shown, or alternatively, defense counsel was ineffective for failing to object to the amended witness list. We disagree.

In general, "[a] trial court's decision to permit or deny the late endorsement of a witness is reviewed for an abuse of discretion." *People v Yost*, 278 Mich App 341, 379; 749 NW2d 753 (2008). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Id*. Because defendant did not object to the prosecution's motion to endorse the four additional witnesses, this issue is unpreserved. See *People v Anderson*, 341 Mich App 272, 279; 989 NW2d 832 (2022). We review unpreserved claims of error for plain error affecting the defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). To obtain relief under plain-error review, a defendant must show that an error occurred, that it was clear or obvious, and that it was prejudicial, i.e., that it affected the outcome of the lower court proceedings. *Id*. at 763. "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. (cleaned up).

MCL 767.40a(1) states: "The prosecuting attorney shall attach to the filed information a list of all witnesses known to the prosecuting attorney who might be called at trial and all res gestae witnesses known to the prosecuting attorney or investigating law enforcement officers." To be timely, the prosecution must send the defendant or defense counsel its witness list at least 30 days before trial. MCL 767.40a(3). But the prosecution "may add or delete from the list of witnesses he or she intends to call at trial at any time upon leave of the court and for good cause shown or by stipulation of the parties." MCL 767.40a(4). Our Supreme Court has determined the "prosecutor's only burden of production is to produce those witnesses it intends to call, a list that can be amended on good cause shown, *at any time*." *People v Burwick*, 450 Mich 281, 292; 537 NW2d 813 (1995) (emphasis in original). Late discovery or identification of a witness can constitute good cause. See *id*. at 284–285; *People v Gadomski*, 232 Mich App 24, 36; 592 NW2d 75 (1998). "Mere negligence of the prosecutor is not the type of egregious case for which the extreme sanction of precluding relevant evidence is reserved." *People v Callon*, 256 Mich App 312, 328; 662 NW2d 501 (2003). "Moreover, to establish that the trial court abused its discretion, [a] defendant must demonstrate that the court's ruling resulted in prejudice." *Id*.

On the second day of trial, the prosecution moved to amend its witness list to add Jovaria Khan (defendant's sister), Sergeant Jonathan McCue, Special Sergeant Michael Lee, and Jennifer Dillon. The prosecution asserted that the amendment "was in light of the new evidence that was discovered and was turned over to [defense counsel]." Immediately before the prosecution moved to amend its witness list, defense counsel objected to new evidence that was provided two days earlier—laboratory results from the Michigan State Police that tied a bullet recovered from the crime scene to a gun that was allegedly the weapon used in the crime. The trial court granted the

prosecution's motion without objection by defendant. Defendant did not request a continuance of trial.

Khan testified that defendant called her and informed her where the gun was located. Khan found the gun and turned it over to the police. Sergeant McCue testified that he received the gun from Khan, logged it into evidence, and wrote a report documenting receipt of the weapon. Sergeant Lee, a forensic firearm and tool-mark examiner with the Michigan State Police, testified that he ran a ballistics test, confirmed the two shell casings found at the scene were fired from the gun, and authored a report of his findings. Dillon confirmed Gary was at the scene by analyzing the DNA in the blood sample and authored a report of her findings.

In requesting leave to amend the prosecution's witness list to add additional witnesses, the prosecutor asserted that new evidence required testimony from additional witnesses. Defense counsel acknowledged receipt of "Michigan State Police results that ties a bullet recovered from the scene to a gun that was–they're saying is the weapon used" that was provided to defense counsel just two days prior. The trial court accepted the prosecutor's explanation that the witnesses were required based on the new evidence that was turned over to the defense. The trial court's conclusion that there was good cause to grant leave to the prosecutor was not outside the range of reasonable and principled outcomes. See MCL 767.40a(4); *Burwick*, 450 Mich at 284–285; *Gadomski*, 232 Mich App at 36.

Further, defendant has not demonstrated that the trial court's ruling resulted in unfair prejudice that would warrant a new trial. *Callon*, 256 Mich App at 328. Defendant suggests he was prejudiced because defense counsel did not see Sergeant Lee's lab report tying shell casings recovered from the crime scene to a gun that was in defendant's possession before the sergeant's July 25, 2022 testimony. Defendant claims that defense counsel had to request a copy of the report during cross-examination of Sergeant Lee. But the record reflects that defense counsel placed an objection on the record on July 22, 2022 to the report, which was provided to defense counsel "on the 20th." Defense counsel had several days to prepare for Sergeant Lee's July 25, 2022 testimony. During cross-examination, defense counsel asked for any photographs taken or diagrams created by Sergeant Lee as part of his ballistics testing. Those items were turned over to defense counsel and she was given time to review the documents before proceeding with her cross-examination. Further, it was known to the parties that Gary and Tanner identified defendant as the shooter, and defendant's sister turned the gun in to the police. The only issue was that the lab results were not available until they were turned over to defense counsel right before trial. Defense counsel was afforded a full opportunity to cross-examine Sergeant Lee regarding his qualifications and his ballistics testing. Defendant has "not shown that his case was severely prejudiced by the untimely disclosure." *Burwick*, 450 Mich at 295. Because defendant has failed to establish plain error, he is not entitled to relief.

Alternatively, defendant argues defense counsel was ineffective for failing to object or request a continuance to interview the late-added witnesses and review their reports. The United States and Michigan Constitutions afford criminal defendants the right to effective assistance of counsel. *People v Yeager*, 511 Mich 478, 488; 999 NW2d 490 (2023), citing Const 1963, art 1, § 20; US Const Am VI; *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). An ineffective-assistance-of-counsel claim presents a "mixed question of fact and constitutional law." *Yeager*, 511 Mich at 487. Generally, we review de novo constitutional

-4-

questions, while we review the trial court's findings of fact for clear error. *Id*. To preserve a claim of ineffective assistance of counsel, a defendant must raise the issue in a motion for a new trial or a *Ginther*[5] evidentiary hearing filed in the trial court, *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012), or in a motion to remand for a *Ginther* hearing filed in this Court, *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020). Defendant did none of these things and thus our review of this unpreserved issue is limited to errors apparent on the record. *Abcumby-Blair*, 335 Mich App at 227.

To prevail on a claim of ineffective assistance, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that [the] outcome would have been different." *Yeager*, 511 Mich at 488 (cleaned up). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. (cleaned up). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018) (cleaned up). We will not find trial counsel to be ineffective where an objection would have been meritless or futile, *Head*, 323 Mich App at 539, nor will we second-guess matters of trial strategy or "assess counsel's competence with the benefit of hindsight[,]" *Abcumby-Blair*, 335 Mich App at 237 (cleaned up). A "defendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel." *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

Defendant contends he was denied effective assistance of counsel because his attorney failed to object or request a continuance to interview the witnesses and review their reports. Defense counsel received the report two days before trial. Before the prosecution moved for admission of the report or to amend its witness list, defense counsel raised an objection to the admission of the report because the short notice did not afford defense counsel an opportunity to obtain approval to retain an expert. While defense counsel did not specifically request a continuance, the request could be implied from her statements. Further, defense counsel acknowledged on the record that the decision was within the trial court's discretion. Based on the record before us, we conclude that defense counsel's performance did not fall below an objective standard of reasonableness.

## III. JUDGMENT OF SENTENCE

Defendant argues that the trial court erred by ordering his sentences for CCW and felonious assault of Tanner to be served consecutively with the four felony-firearm sentences, mislabeling the counts for which defendant was sentenced, and ordering lifetime monitoring. We agree, in part.

To preserve a sentencing issue for appeal, the issue must be raised "at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals." *People v Clark*, 315 Mich App 219, 223; 888 NW2d 309 (2016) (cleaned up). It is undisputed defendant did not perform any of those actions and thus this issue is unpreserved. Accordingly,

---

[5] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

our review is for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 762-763.

Whether a consecutive sentence may be imposed is a question of statutory interpretation that we review de novo. *People v Gonzalez*, 256 Mich App 212, 229; 663 NW2d 499 (2003). "In Michigan, concurrent sentencing is the norm, and a consecutive sentence may be imposed only if specifically authorized by statute." *People v Ryan*, 295 Mich App 388, 401; 819 NW2d 55 (2012) (cleaned up). The statute governing felony-firearm, MCL 750.227b, states:

> (1) A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony, . . . is guilty of a felony and shall be punished by imprisonment for 2 years.
>
> * * *
>
> (3) A term of imprisonment prescribed by this section is in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony and shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony.

"From the plain language of the felony-firearm statute, [MCL 750.227b,] it is evident that the Legislature intended that a felony-firearm sentence be consecutive only to the sentence for a specific underlying felony." *People v Clark*, 463 Mich 459, 463; 619 NW2d 538 (2000). "A felony-firearm sentence must therefore be served consecutively with the sentence for the one predicate felony." *People v Coleman*, 327 Mich App 430, 441; 937 NW2d 372 (2019).

As noted, the trial court amended the original judgment of sentence to correctly identify the counts for which defendant was sentenced, to order defendant's CCW sentence to be served concurrently to the felony-firearm sentences, and to remove the order for lifetime electric monitoring. Accordingly, defendant's arguments that the trial court erred by ordering his sentence for CCW be served consecutively with the felony-firearm sentences, mislabeling the counts for which he was sentenced, and ordering lifetime monitoring are moot. See *People v Cathey*, 261 Mich App 506, 510; 681 NW2d 661 (2004) ("An issue is moot when an event occurs that renders it impossible for the reviewing court to fashion a remedy to the controversy.")[6]

---

[6] Because the trial court's original judgment of sentence was a final order, see MCR 7.202(6)(b)(ii), and because defendant filed a claim of appeal of that judgment of sentence before the trial court entered its amended judgment of sentence, the trial court at least arguably was without jurisdiction or authority to sua sponte enter the amended judgment of sentence. See MCR 7.208(A) ("After a claim of appeal is filed . . . the trial court . . . may not . . . amend the judgment or order appealed from [with certain exceptions]"); *People v Washington*, 508 Mich 107, 122-129; 972 NW2d 767 (2021) (holding that trial court was divested of subject-matter jurisdiction upon the filing of a claim of appeal from a judgment of sentence). See also *People v Scott*, __ Mich __; __ NW2d __ (2024) (Docket No. 164790); slip op at 1 ("Interlocutory appeals, *in contrast to appeals from final orders*,

But we conclude that the trial court erred by ordering defendant's sentence for the conviction of felonious assault against Tanner to be served consecutively to the felony-firearm convictions. Defendant was initially charged with four counts of felony-firearm, listed as counts 6 through 9. The count 6 felony-firearm was associated with AWIM. The count 7 felony-firearm was paired with armed robbery. The count 8 felony-firearm was associated with AWIGBH. And the count 9 felony-firearm was paired with the felonious assault against Gary. Defendant's felony information was later amended to add a charge for felonious assault against Tanner (count 10). But defendant was not charged with an additional felony-firearm associated with the felonious assault of Tanner, and the four felony-firearm charges remained associated with their initially identified predicate felonies. The amended judgment of sentence ordered defendant's sentence for the conviction of felonious assault of Tanner to be served consecutively to the felony-firearm convictions: "Counts 2, 3, 5, 10 [armed robbery, AWIGBH, felonious assaults] are concurrent with count 4 [CCW], but consecutive to counts 6, 7, 8, 9 [felony-firearms]. Counts 4, 6, 7, 8, 9 [CCW and felony-firearms] are concurrent with each other." Felony-firearm is to be served "consecutive only to the sentence for a specific underlying felony." *Clark*, 463 Mich at 463. Because the charge for felonious assault against Tanner did not have an associated felony-firearm charge, the judgment of sentence must be amended for that felonious assault conviction (count 10) to be served concurrently with the felony-firearm convictions (counts 6, 7, 8, and 9).

## IV. CONCLUSION

For the reasons discussed above, we affirm in part, vacate the amended judgment of sentence, and remand to the trial court to amend the judgment of sentence consistent with this opinion. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Mark J. Cavanagh
/s/ Sima G. Patel

---

do not divest a trial court of subject-matter jurisdiction over a case.") (emphasis added). Nonetheless, because the trial court's amendment of its original Judgment of Sentence was *substantively* correct, and because we are remanding to the trial court for entry of an amended judgment of sentence, we direct the trial court, on remand, to again include the terms of its Amended Judgment of Sentence, modified as further directed in this opinion.